**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **DEMETRIUS SELBY, JR.,** | **CIVIL ACTION NO:** |
| **Plaintiff,** | 4:21-CV-21 |
| **v.** | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| **BAHAMA JOES COAST TO COAST, INC,** | |
| **Defendant.** | |

**COMES NOW** Demetrius Selby, Jr., Plaintiff in the above referenced matter, by and through his counsel, and files his Complaint against Defendant Bahama Joes Coast to Coast, Inc., and shows this Court the following:

## INTRODUCTION

This is an employment discrimination case, brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq. Plaintiff alleges that Defendant has engaged in a company-wide pattern and practice of employment discrimination, both intentional and systemic, on the basis of race. Defendant's discriminatory practices include, but are not limited to, discrimination in hiring, job assignment, compensation, and creating an abusive and hostile workplace environment as alleged in this Complaint. Plaintiff seeks declaratory, injunctive, and equitable monetary relief from these practices; compensatory and punitive damages; equitable remedies of accounting and restitution; and an award of costs, expenses, and attorney's fees.

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a citizen and resident of Chatham County, Georgia.

1

2.      Upon information and belief, Defendant Bahama Joes Coast to Coast, Inc. is a domestic, for profit corporation, registered and authorized to transact business in the State of Georgia with a principal place of business in Savanah, Chatham County, Georgia.

3.      Service may be had upon its Registered Agent, Edward Chapman at 198 West Chatham Blvd., Savannah, Georgia 31408.

4.      All events and omissions giving rise to the Complaint occurred in Savannah, Chatham County, Georgia.

5.      Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

6.      Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

7.      Plaintiff applied for a position as a Graphic Designer.

8.      Defendant contacted Plaintiff and requested to see his portfolio.

9.      Within a few hours of that initial contact, Defendant was notified by Linked In and email that the position was no longer available and that Defendant was no longer interested in viewing Plaintiff's portfolio.

10.      Plaintiff applied for an embroidery position.

11.      Plaintiff interviewed for the embroidery position but was denied the job as he was "unqualified".

12.      Plaintiff has six (6) years of embroidery experience.

13.      Plaintiff then applied for a Screen Printer position.

14.      Plaintiff interviewed for the Screen Printer position and was offered the position as he was "qualified".

15.    Plaintiff has educational screen printing experience.

16.    Plaintiff has more experience in embroidery than screen printing.

17.    Plaintiff began his employment with Defendant as a Screen Printer on or about July 8, 2019.

18.    Shortly thereafter, Jan Torres, another employee at Bahama Joes, began shouting "White Power" when greeting Collin Chapman, another co-worker and son of Ed Chapman, Manager.

19.    Plaintiff notified management.

20.    David Lambardo, Manager, heard Jan Torres shouting "White Power".

21.    Defendant did not take any disciplinary actions against Jan Torres.

22.    On or about July 30, 2019, Jan Torres openly called Plaintiff a "nigger" and told him "let's go outside and handle it nigger if you have a problem".

23.    Plaintiff immediately notified David Lambardo and Ed Chapman.

24.    Defendant did not take any disciplinary actions.

25.    Jan Torres continued to shout "White Power" consistently when greeting Collin Chapman.

26.    Plaintiff notified Ed Chapman again on August 1, 2019.

27.    Defendant did not take any disciplinary actions.

28.    Jan Torres called Plaintiff a "Nigger" again the next day.

29.    David Lambardo and Ed Chapman continued to ignore Plaintiff's claims and concern and instead fired Plaintiff.

30.     Plaintiff timely filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct.

31.     The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which was received on or about October 31, 2020.

## CAUSES OF ACTION

### COUNT I
### Discrimination in Hiring and Job Assignment

32.     Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

33.     Defendant denied Plaintiff the opportunity to apply for a position after viewing his Linked In profile which included a picture.

34.     Defendant denied Plaintiff a position for which he was more qualified for.

35.     Defendant assigned Plaintiff a position that he was less qualified for.

36.     Defendant assigned Plaintiff to a position with lower pay.

37.     Defendant discriminated against Plaintiff because of his race.

### COUNT II
### Creating an Abusive and Hostile Work Environment

38.     Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

39.     Defendant knew that employee(s) were using racial slurs towards Plaintiff.

40.     Defendant knew that employee(s) were threatening Plaintiff with physical violence.

41.     Defendant took no disciplinary action against those employees.

42.     Defendant created an abusive and hostile work environment solely based on Plaintiff's race.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     That Plaintiff recover from Defendant for the general damages which Plaintiff has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

2.     That Plaintiff be compensated for mental pain and suffering;

3.     That Plaintiff be awarded interest at the legal rate on any judgment ultimately rendered;

4.     That Plaintiff be awarded attorney's fees and all costs of litigation;

5.     That Plaintiff be awarded punitive damages for Defendant's willful and reckless misconduct and conscious disregard to consequences; and

6.     That Plaintiff be awarded any such other and further relief as this Honorable Court may deem just and appropriate.

Under Federal Rule of Civil Procedure 11, Plaintiff to the best of his knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

This, the 25th day of January, 2021.

                                          /s/  Joseph J. Steffen, Jr.
                                          Joseph J. Steffen, Jr.
                                          Georgia Bar No.:  677766
                                          *Attorney for Plaintiff*

Law Office of Joseph J. Steffen, Jr.
317 Tattnall Street
Savannah, Georgia 31401
(912) 604-4147
steffjj@aol.com